IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

JOHN FITZGERALD WRIGHT,                )
                                        )
              Plaintiff,                )
                                        )
v.                                      )          Case No. CIV-06-1412-F
                                        )
FOUR JOHN DOE, OKC POLICE               )
OFFICERS,                               )
                                        )
              Defendants.               )

## REPORT AND RECOMMENDATION

The Court should dismiss the action without prejudice for failure to timely serve the

defendants with the complaint.

I.     FAILURE TO EFFECT TIMELY SERVICE

The plaintiff must serve each defendant with a summons and a copy of the complaint.

*See* Fed. R. Civ. P. 4(c)(1).[1]  Generally, service is required within 120 days of the filing of

the complaint.  *See* Fed. R. Civ. P. 4(m).  Because of the need to screen the complaint, the

Court waited until December 29, 2006, to start the 120-day period.  *See* Fed. R. Civ. P. 4(m) -

advisory committee notes: 1993 Amendments.  With 120 days, the Plaintiff had until April

---

[1]     Although Mr. Wright appears *pro se*, he must adhere to the same rules of procedure as any
other litigant.  *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992) ("Although we construe [the
plaintiff's] pleadings liberally because he is a pro se litigant, he nevertheless must follow the same
rules of procedure that govern other litigants.").

28, 2007, to file proof of service.[2]  The Court *sua sponte* extended the deadline to May 21, 2007.  Even with the extension, the Plaintiff has apparently failed to serve the defendants.

Notwithstanding the Plaintiff's apparent failure to effect service, the Court must consider whether the record reflects "good cause" for an extension of time.  *See Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995).  Three factors are pertinent:  (1) the statute of limitations; (2) service on the United States; and (3) evasion of service.  *See id.* at 842.  None of the factors supports an extension of time for service.

First, the Court should consider whether the statute of limitations would bar a refiled action.  *See id.*  The Plaintiff's claims stem from an incident that allegedly took place on January 3, 2006, and the limitations period is two years.[3]  Thus, dismissal would not bar refiling of the action.

Second, the Court should consider whether a plaintiff has unsuccessfully attempted to serve the United States.  *See id.*  Here, the lack of service does not involve the United States.

Third, courts may consider whether the defendant is avoiding service.  *See Hendry v. Schneider*, 116 F.3d 446, 449 n.2 (10th Cir. 1997) ("Evasion of service has been held to

---

[2]     Because April 28, 2007, fell on a Saturday, Mr. Wright had until the following Monday to effect service.  *See Rodriguez v. Denver*, 33 F.3d 62, 1994 WL 459604 (10th Cir. Aug. 22, 1994) (unpublished op.) (holding that when the 120th day fell on a Saturday, the plaintiff had until the following Monday to effect service of the complaint).

[3]     The period of limitations for a Section 1983 action is governed by the forum state's law for personal injury actions.  *See Wilson v. Garcia*, 471 U.S. 261, 276-80 (1985).  In Oklahoma, the limitations period for Section 1983 actions is two years.  *See* Okla Stat. tit. 12, § 95(A)(3); *Meade v. Grubbs*, 841 F.2d 1512, 1522 (10th Cir. 1988).

constitute 'good cause.'"").   This factor supports dismissal because no evidence exists

regarding evasion of service by the defendants.

The Plaintiff has not shown good cause for a further extension of time to effect

service.  Indeed, the record suggests that the Plaintiff was aware of his obligation to serve the

defendants in a timely manner.  The Court reminded Mr. Wright that:

- he had 120 days for service and the filing of proof of service, and

- the action could be dismissed if he failed to timely file proof of service.

The Plaintiff did not heed the reminders,[4] and the Court should dismiss the action without

prejudice to the filing of a new action.[5]

## II.   NOTICE OF RIGHT TO OBJECT

The Plaintiff can object to this report and recommendation.  *See* 28 U.S.C. § 636(b)(1)

(2000).  Any such objection must be filed with the Clerk of the United States District Court.

---

[4]   The Plaintiff presumably failed to effect service because he did not know how to obtain documents that would identify the officers involved in the alleged incident.  *See* Wasserman, *Civil Rights Plaintiffs and John Doe Defendants: A Study in Section 1983 Procedure*, 25 Cardozo L. Rev. 793, 816 (2003) ("A plaintiff perhaps could sue only John Doe or 'Unknown Officers,' but this raises the genuine question of how to serve a Complaint that names no identifiable person or entity as defendant." (footnotes omitted)).   While understandable, the Plaintiff's confusion would not excuse compliance with Rule 4(m).  "Having chosen to file a civil action in the district court," Mr. Wright "assumed the responsibility for complying with the rules of civil procedure."  *Chester v. Green*, 120 F.3d 1091 (10th Cir. 1997); *see supra* note 1.  Thus, even though he was acting *pro se*, Mr. Wright was obligated to follow Rule 4(m) and his lack of legal knowledge would not supply "good cause" for a further extension of time.  *See Broitman v. Kirkland*, 86 F.3d 172, 176 (10th Cir. 1996) (stating that "[p]ro se litigants must follow the requirements of [the predecessor to Rule 4(m)]" and that "ignorance of the rules . . . usually do not suffice" to demonstrate "'good cause' for failure of timely service" (citations omitted)).

[5]   *See Scott v. Hern*, 216 F.3d 897, 911-12 (10th Cir. 2000) (upholding dismissal of an action against unnamed police officers, identified as "John and Jane Does," for failure to effect timely service under Rule 4(m)).

*See Haney v. Addison*, 175 F.3d 1217, 1219-20 (10th Cir. 1999).  The deadline for objections is June 19, 2007.  *See* W.D. Okla. LCvR 72.1(a).  The failure to timely object would waive the Plaintiff's right to appellate review of the recommended dismissal.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

III.    <u>STATUS OF THE REFERRAL</u>

The referral is terminated.

Entered this 30th day of May, 2007.

Robert E. Bacharach
United States Magistrate Judge